UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Courtney Caradine, <br><br> Plaintiff, <br> vs. <br><br> The Suites at Flamingo, et al., <br><br> Defendants. | Case No. 2:23-cv-01092-APG-MDC <br><br> **ORDER** <br><br> APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 4) AND COMPLAINT (ECF NO. 1-1) |

The Court previously ordered Courtney Caradine, who is incarcerated, to pay an initial partial filing fee in the amount of $14.10 (toward the full $350 filing fee). ECF No. 3. The Clerk's office has confirmed that the High Desert State Prison has forwarded the initial partial filing fee to the Court from plaintiff's account. The Court also ordered, however, that pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. ECF No. 3. Plaintiff has not done so, as recent mail to plaintiff has been returned as undeliverable. ECF No. 5. The Court cautions the plaintiff that she must comply with the local rules this Court's orders. The Court also notes that plaintiff has filed at least one other case in this Court that has been dismissed.

Out of an abundance of caution, however, the Court will now screen plaintiff's complaint since she has paid the initial partial filing fee. The Court dismisses the plaintiff's case without prejudice, with leave to refile. The Court warns plaintiff that if she does not file an amended complaint that complies with this screening order, the Court will issue a report and recommendation to dismiss this case.

    **I.**    **Whether Plaintiff's Complaint States a Plausible Claim**

        **a. Legal Standard**

Since the Court grants plaintiff's IFP application, the Court reviews plaintiff's complaint to

determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

      **b. Complaint**

Plaintiff brings claims pursuant to 42 U.S.C. § 1983 against two motel defendants (the Suites at Flamingo and the Suites and Flamingo LLC), and the individual motel manager ("Courtney"), for violating her Fifth and Fourteenth Amendment rights, the Affordable Housing Act, and the Coronavirus Aid Relief and Economic Security, or CARES, Act. ECF No. 1-1. Plaintiff's complaint is difficult to

follow, as it is handwritten, but she appears to allege that on August 9, 2020, before her current incarceration, she was illegally evicted from a motel without notice. *Id.* She alleges that the motel manager, defendant "Crystal" entered her room with a key and evicted her. *Id.* She does not mention if she ever filed an answer in state court regarding the eviction pursuant to state law. She alleges that the illegal eviction caused her to lose all her belongings including her father's ashes. *Id.* She alleges that this illegal eviction exacerbated her previously diagnosed post-traumatic stress disorder. *Id.* She seeks one million dollars in damages from these named defendants. *Id.*

### i. Standard for Civil Rights Cases against Private Parties and the Rooker-Feldman Doctrine

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

Private parties are not generally acting under color of state law. See *Price v. Hawaii*, 939 F.2d 702, 707–08 (9th Cir. 1991); see also *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (explaining that a lawyer in private practice does not act under color of state law). "[P]rivate parties may act under color of state law when the state significantly involves itself in the private parties'

3

actions and decision making at issue." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 753 (9th Cir. 2020), cert. denied, 142 S. Ct. 69 (2021). A private individual's actions can only be considered state action if a "sufficiently close nexus" makes private action "treat[able] as that of the [government entity] itself.*"* *Blum v. Yaretsky*, 457 U.S. 991, 1004, 102 S. Ct. 2777, 73 L.Ed.2d 534 (1982) (citation omitted). Merely "authoriz[ing]," "approv[ing,] or acquiesc[ing]" to private action— such as the "creation or modification of any legal remedy"—is not enough to show state action. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52–53, 119 S. Ct. 977, 143 L.Ed.2d 130 (1999) (citations omitted). And an "[a]ction by a private party pursuant to [a] statute, without something more, [is] not sufficient to justify a characterization of that party as a 'state actor.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939, 102 S. Ct. 2744, 73 L.Ed.2d 482 (1982). *Ballinger v. City of Oakland*, 24 F.4th 1287, 1300 (9th Cir.), cert. denied sub nom. *Ballinger v. City of Oakland, California*, 142 S. Ct. 2777 (2022). Where a private party conspires with state officials to deprive others of constitutional rights, however, the private party is acting under color of state law. See *Tower v. Glover*, 467 U.S. 914, 920 (1984).

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review decisions of state courts or to reverse or modify state court judgments. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983). The Rooker-Feldman doctrine precludes federal district courts from hearing cases in which the "federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court and seeks relief from a state court judgment based on that decision." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (internal quotation marks and citation omitted). Review of such state court decisions may be conducted only by the United States Supreme Court. See 28 U.S.C. § 1257; see also *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005).

The Rooker-Feldman doctrine applies beyond direct challenges to state court decisions. "The doctrine also precludes constitutional claims that are 'inextricably intertwined' with the forbidden appeal.'" *Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (citing Noel v. Hall, 341 F.3d 1148, 1157 (9th Cir. 2003)). "Rooker-Feldman may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine 'prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment.'" *Reusser v. Wachovia Bank, N*.A., 525 F.3d 855, 859 (9th Cir. 2008) (quoting *Kougasian v. TMSL, Inc*., 359 F.3d 1136, 1139 (9th Cir. 2004)).

### ii. Analysis

The only named defendants in this case are private parties, not state actors. Plaintiff specifically alleges that "Courtney" the motel manager is the one who illegally evicted her. While there are some limited circumstances where private actors can be liable pursuant to Section 1983, such as when private actors conspire with government actors, plaintiff has not made any allegations that Courtney or the motels conspired with government actors (like the police) to evict her. Plaintiff's allegations in the complaint are sparse, and she does not specify how the three named private defendants violated her constitutional rights or federal law.

The Court is also concerned that plaintiff's case appears to be an appeal of an underlying eviction, which violates the Rooker-Feldman doctrine. It is unclear from the plaintiff's complaint whether she filed an answer in state court regarding her eviction. Plaintiff's remedy would have been to file an answer in state court rather than wait and file a complaint in federal court. Plaintiff fails to articulate a claim or claims against any defendant.  It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice.  Plaintiff must file an amended complaint explaining how this Court has jurisdiction over the defendants, the circumstances of the case, the relief plaintiff seeks,

and the law upon which she relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded pleading and must include copies of all exhibits referred to in the proposed amended pleading. LR 15-1(a).

ACCORDINGLY,

IT IS ORDERED that plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that plaintiff has until Wednesday, February 28, 2024, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if plaintiff files an amended complaint, the Clerk of the Court is directed NOT to issue summons on the amended complaint. I will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

THE COURT CAUTIONS plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that she is a vexatious litigant.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 30th day of January 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge